IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRIA PIZARRO o/b/o A.P.** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 15-2644 |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of the** | : | |
| **Social Security Administration** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                           SEPTEMBER 21, 2016

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Patria Pizarro ("Plaintiff"), on behalf of her minor grandson, "A.P." ("Claimant"), filed the instant action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), which denied Claimant's application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f. The initial denial of SSI benefits was primarily based on the determination of an Administrative Law Judge ("ALJ") that Claimant did not have an impairment or combination of impairments which met, medically equaled, or functionally equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Appendix"). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R&R"). On April 29, 2016, Magistrate Judge Caracappa issued an R&R recommending that Plaintiff's request for review be denied. [ECF

15]. Thereafter, Plaintiff filed timely objections to the R&R, [ECF 16], to which Defendant filed a response in opposition. [ECF 19]. This matter is, therefore, ripe for disposition.

After a thorough review of the R&R, the administrative record, as well as the documents filed in connection with this civil action, this Court finds merit in Plaintiff's first objection and remands this matter to the Acting Commissioner of Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

**BACKGROUND**

The factual and procedural backgrounds of this case is set forth in detail in the R&R and will be recited herein *only* as necessary to address the issues presented by Claimant's objections; *to wit:*

> Claimant was born on February 17, 1998. (Tr. at 22).[1] On April 21, 2011, Plaintiff filed an application for SSI on behalf of Claimant alleging an onset date of disability of August 17, 2010. (Tr. at 81). This application was initially denied on November 4, 2011. (Tr. at 91). Thereafter, Plaintiff requested a hearing before an ALJ, (Tr. at 95), which was held on October 17, 2013. (Tr. at 46). The issue before the ALJ was whether Claimant was disabled within the meaning of §1614(a)(3)(C) of the Social Security Act. On November 8, 2013, the ALJ issued a decision finding that Claimant was not disabled. (Tr. at 16-35). Specifically, the ALJ found that Claimant, then 14 years old, suffered from the following severe impairments: depression, post-traumatic stress disorder, and generalized anxiety disorder, (Tr. at 22), and that "none of Claimant's impairments, singularly or in combination, meets, medically equals or functionally equals the severity of one of the listed impairments necessary to be found disabled."[2] (Tr. at 22). Plaintiff filed a request for review and, on March 4, 2014, the Appeals Council denied the request, which rendered the decision of the ALJ the final administrative decision of the Commissioner. (Tr. at 1). Plaintiff then appealed the final decision to this Court.

---

[1]   Citations to the administrative record will be denoted by "Tr." followed by the page number *supra.*

[2]   *See* 20 C.F.R. §§ 416.924(a), 416.924(d), and 416.926(a). This determination is the final step in a three-step sequential evaluation an ALJ must undertake when evaluating a childhood disability claim. The legal framework for a childhood disability claim will be discussed *infra.*

On April 29, 2016, the Magistrate Judge issued the R&R, finding that the ALJ evaluated the record in accordance with the applicable legal standards and that there is substantial evidence in the record to support the ALJ's decision to deny Plaintiff's claim. [*See* ECF 15 at 29-30]

On May 12, 2016, Plaintiff filed four objections to the R&R. [ECF 16]. In her first objection, Plaintiff argues that the Magistrate Judge erred when concluding that the ALJ's finding that Plaintiff's impairments did not meet or medically equal those in Listings 112.04 or 112.06 was legally sound. [*See* ECF 16 at 5-15]. Objections two through four contend that the Magistrate Judge erred in deferring to the ALJ's finding that Claimant did not have "marked" or "extreme" limitations in three of the six domains of functional equivalence listed in 20 C.F.R. § 416.926a. [*See* ECF 16 at 15-29].

**LEGAL STANDARDS**

   A.  *Standard of Judicial Review*

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Review of a Commissioner's decision is, however, limited in scope. In reviewing a Commissioner's disability determination, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual findings of the ALJ in order to determine whether these findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence,

the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

When considering objections to a magistrate judge's report and recommendation, a court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. *Legal Framework for Childhood SSI Disability Determination*

An individual under the age of 18 ("child") is considered disabled under the Social Security Act, if the child has a "physical or mental impairment, which results in marked and severe limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine or assess disability claims, federal regulations require the use of a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). Essentially, the three-step sequential evaluation process requires the following analysis:

> First, the ALJ must determine whether the claimant is presently engaged in substantially gainful activity ("Step One"). *Id.* at § 416.924(a). If the claimant is so engaged, the claimant is not disabled; otherwise the evaluation proceeds to step two. *Id.* § 416.924(a).
>
> Second, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe ("Step Two"). *Id.* § 416.924(a). If the claimant does not, the claimant is not disabled; otherwise, the evaluation proceeds to step three. *Id.* § 416.924(a).
>
> Third, the ALJ must determine whether the claimant's impairment or combination of impairments meet, medically equal, or functionally equal, the severity of any one of the impairments listed in the Appendix ("Step Three"). *Id.* § 416.924(d), § 416.925; *see also id.* Pt. 404, Subpt. P, App. 1.

4

If the claimant's impairment or combination of impairments satisfies the requirements of Step Three and has lasted or is expected to last for a continuous period of 12 months, the claimant is disabled. *Id.* at § 416.924(d)(1).

As noted, at Step Three, an ALJ must first consider the severity of the claimant's impairment(s) and ascertain whether the impairment(s) meets or equals one of the impairments listed in the Appendix (hereinafter "the medical equivalence analysis"). *Id.* § 416.924(d)(1). An impairment meets a listed condition "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." *Robinson v. Sullivan,* 733 F. Supp. 989, 992 (E.D. Pa. 1990) (internal citations omitted). A medical equivalence can be found where a claimant has: (1) a listed impairment with medical findings that are at least of equal significance to the required criteria; (2) an impairment closely analogous to a listed impairment; or (3) a combination of impairments with medical findings of equal significance to the criteria of an analogous listed impairment. 20 C.F.R. § 416.926(b)(i)-(iii).

If a claimant's impairment or combination of impairments meets or is medically equal to the severity of an impairment listed in the Appendix, the claimant is deemed disabled. *Id.* § 416.924(d)(1). However, if a claimant's impairment or combination of impairments does not meet or is not medically equal to a listed impairment in the Appendix, the ALJ must then determine if the claimant's impairment(s) is "functionally equal" to any of the listed impairments (hereinafter "the functional equivalence analysis"). *Id.* § 416.926a(a). In determining whether a child's impairment or impairments are functionally equivalent to the severity of any of the listed impairments, the ALJ must consider the extent to which the alleged impairment limits the child's ability to function in the following six life "domains:" "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and

manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Id.* § 416.926a(b)(1).  A child's impairment functionally equals a listed impairment and, thus, constitutes a disability, if the child's limitations are "marked" in at least two of the six domains noted, or is "extreme" in at least one of the six domains. *See id.* § 416.926a(d).

In the evaluation of a disability claim, the ALJ must proceed through each step of the evaluation process sequentially, and comprehensively state the reasons on which conclusions are based.  *See id.* § 416.924(g); *Cotter v. Harris,* 642 F.2d 700, 710 (3d Cir. 1981).  Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the ALJ must sufficiently develop the record and explain the findings made so as to permit meaningful judicial review. *Jones v. Barnhart,* 364 F.3d 501, 505 (3d Cir. 2004). Inadequate discussion that leaves a court to speculate on what evidence led the ALJ to the conclusions set forth in the decision precludes any meaningful judicial review.  *See Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 119 (3d Cir. 2000); *Kephart v. Richardson,* 505 F.2d 1085, 1090 (3d Cir. 1974) ("It is incumbent upon the [ALJ] to make specific findings — the court may not speculate as to [the ALJ's] findings.").

**DISCUSSION**

In this case, the ALJ applied the above-discussed three-step sequential evaluation process.  Specifically, at Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since his alleged onset date of disability. (Tr. at 22).  At Step Two, the ALJ found that Claimant suffers from three severe impairments, namely, depression, post-traumatic stress disorder, and generalized anxiety disorder, (*id.*), but at Step Three determined that these impairments did not meet and were not medically equal or functionally equal to any of the listed

impairments in the Appendix. (*Id.*). These findings were affirmed throughout the administrative appeal process. (*Id.* at 1-7).

As stated, in the request for judicial review, Plaintiff argued that the ALJ erred at the Step Three analysis. In the R&R, the Magistrate Judge disagreed, and recommended that Plaintiff's request for review be denied since the ALJ sufficiently analyzed and concluded that Claimant's impairments did not meet, nor were they medically or functionally equal to, any listing in the Appendix. Plaintiff disagrees and raises four objections to the R&R, which generally parrot the arguments made in her initial brief and statement of issues.[3] This Court finds merit to Plaintiff's first objection, which contends that the ALJ's medical equivalence analysis was too conclusory. Although the court is required to undertake a *de novo* review of each portion of the R&R to which a plaintiff objects, the resolution of Plaintiff's first objection is determinative and, therefore, this Court will *only* address this objection.[4]

Plaintiff contends that the ALJ erred in failing to articulate the analysis undertaken at Step Three when determining that Claimant's impairments did not meet or were not medically equal to the severity of Listings 112.04 (mood disorders) and/or 112.06 (anxiety disorders).[5]

---

[3] Although Plaintiff's brief raises four objections, the thrust of objections two through four is essentially the same; *to wit*: that the ALJ improperly assessed the evidence in the record when engaging in the functional equivalence analysis. [*See* ECF 16 at 15-29].

[4] Because this Court is reversing and remanding this matter for additional proceedings, this Court need not consider Plaintiff's three remaining objections, which pertain to the ALJ's functional equivalence analysis.

[5] Listing 112.06, which sets forth the criteria for anxiety disorders, requires:
 (A) medically documented findings of at least one of the following:
  (1) excessive anxiety manifested when the child is separated, or separation is threatened, from a parent or parent surrogate; or
  (2) Excessive or persistent avoidance of strangers; or
  (3) Persistent unrealistic or excessive anxiety or worry … , accompanied by motor tension, autonomic hyperactivity, or vigilance and scanning; or
  (4) A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or

Specifically, Plaintiff argues that the ALJ failed to discuss either Listing 112.04 or 112.06, but rather summarily concluded that Claimant's impairments did not meet the criteria of, or were not medically equal to, a listed impairment.  Defendant disagrees and further contends that the ALJ's *functional* equivalence analysis provides the basis for upholding the finding that Claimant's impairments do not meet, or are not medically equal to, those found in Listing 112.04 and/or 112.06.  Although the Magistrate Judge was seemingly persuaded by this argument, this Court is not.

A functional equivalence analysis "involves substantially different criteria than those used to determine medical equivalence." *See Mills-Sorrells,* 153 F. Supp. 3d 703, 712 n.8 (E.D. Pa. 2015), and accompanying citations; *compare* 20 C.F.R. § 416.926 (stating the standards for medical equivalence) *with id.* § 416.926a (stating the standards for functional equivalence). Although the same evidence may be considered when engaging in both analyses, the analyses and their respective criteria are wholly distinct.  *See Mills-Sorrells,* 153 F. Supp. 3d at 712 n.8. Indeed, under the current framework, an ALJ can dispense with a functional equivalence analysis

---

      (5) Recurrent severe panic attacks, manifested by a sudden unpredictable onset of intense apprehension, fear, or terror, often with a sense of impending doom, occurring on average of at least once a week; or
      (6) Recurrent obsessions or compulsions which are a source of marked distress; or
      (7) Recurrent and intrusive recollections of a traumatic experience, including dreams, which are a source of marked distress; *and*
   (B) [claimant must indicate that the foregoing results] in at least two of the [following: marked impairment in age-appropriate cognitive/communication function, documented by medical findings, marked impairment in age-appropriate social functioning, documented by history and medical findings, marked impairment in age-appropriate personal functioning, documented by history and medical findings, and marked difficulties in maintaining concentration, persistence or pace].

*Id.* at § 112.04 (incorporating by reference the criteria found at paragraph B2 of *id.* § 112.02).

To meet Listing 112.04, a claimant aged three to eighteen must produce proof that he has: (A) a medically documented mood disorder; and (B) at least marked impairment in two of the following: (1) age-appropriate cognitive/communicative function; (2) age-appropriate social functioning; (3) age-appropriate personal functioning; and (4) the ability to maintain concentration, persistence, or pace. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.04.

altogether if a claimant's impairment meets or medically equals an Appendix listing, but not vice versa.  20 C.F.R. § 416.924(d)(1).

Although the Third Circuit Court of Appeals does not require an ALJ to "use particular language or adhere to a particular format" when evaluating a claimant's proof at Step Three, *Jones v. Barnhart,* 364 F.3d at 505, bare conclusions are beyond meaningful judicial review. *Burnett,* 220 F.3d at 119-20.  In *Burnett,* the ALJ's Step Three analysis consisted of the following sentence: "Although [Burnett] has established that she suffers from a severe musculoskeletal [impairment], said impairment failed to equal the level of severity of any disabling condition contained in [the Appendix]." *Id.* at 119.  The court therein found that this statement was too conclusory for the court to conduct a proper review. *Id.*  Here, the analysis is equally perfunctory, in that the ALJ's findings consist of the following sentences:

> The claimant's mental impairments do not alone or in combination meet or medically equal the requirements of a mental listing in section 112.00.  The criteria in sections 112.04 and 112.06 with reference to section 112.02 are not sufficiently present to establishing listing level severity.

(Tr. at 22). While the ALJ cited to the listings considered, the ALJ failed to identify the medical evidence relied upon, failed to compare that evidence to the criteria found in the applicable listings, and failed to explain her conclusion that Claimant's mental impairments did not meet or medically equal the severity of the identified impairments.[6]

While the Magistrate Judge engaged in an apparent fact-finding effort to support the ALJ's conclusion that Claimant's impairments do not meet or equal those found in Listings

---

[6] Citing *Jones v. Barnhart,* 364 F.3d 501, the Magistrate Judge and the Commissioner both urge the Court to read the ALJ's decision as a whole in determining whether the ALJ's decision permits meaningful judicial review.  The Court notes that the Step-Three analysis in *Jones* was considerably more developed than that of the ALJ in the instant case.  Although the ALJ in *Jones* did not specify that he was relying upon Listing 3.02(A) when engaging in the Step-Three analysis, he stated that Jones's medical history showed none of the pulmonary complications or indicia of pulmonary disease as listed in 3.02(A). *See Jones,* 364. F.3d at 505.  No such analysis of the criteria found in Listings 112.04 and 112.06 was conducted here.

112.04 and 112.06, fact-finding and credibility determinations, however, are more appropriately reserved for the ALJ.  *See Cotter,* 642 F.2d at 704 (If the ALJ's decision is not "accompanied by a clear and satisfactory explication of the basis on which it rests" the reviewing court cannot perform its function.).  Based on the foregoing, this Court finds that the ALJ failed to adequately set forth "a clear and satisfactory explication of the basis" for the medical equivalence conclusion made.  Therefore, this Court will remand this matter to the Commissioner for additional explanation and required analysis at Step Three.  The resolution of Claimant's SSI claim requires thorough consideration of whether Claimant's impairments singularly or in combination meet or are equal to the severity of those found in Listing 112.04 and/or 112.06, a task within the exclusive province of the ALJ.  Accordingly, Plaintiff's first objection is sustained, the R&R is rejected in part, and this matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**CONCLUSION**

For the reasons stated herein**,** this matter is remanded to the Acting Commissioner of the Social Security Administration, pursuant to sentences four and six of 42 U.S.C. § 405(g), to allow the ALJ to further develop the basis for finding that Claimant's mental impairments do not meet or are not equal to the severity of those found in Listings 112.04 and/or 112.06.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.